Filed 6/28/23  P. v. Brown CA4/2
Opinion following order vacating prior opinion

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E079192 |
| v. | (Super.Ct.No. RIF1409333) |
| JOHN CURTIS BROWN, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge.  Affirmed.

John Curtis Brown, in pro. per.; and Kevin D. Sheehy, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## INTRODUCTION

Defendant and appellant John Curtis Brown appeals from a postjudgment order denying his petition for resentencing under Penal Code[1] former section 1170.95[2] under the procedures established by Senate Bill No. 1437 (Stats. 2018, Ch. 1015, § 4). Appointed counsel for defendant originally asked this court to conduct an independent review of the record to determine whether there were any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) When defendant did not file a supplemental brief, this court dismissed the appeal as abandoned. The California Supreme Court granted review of the case and later transferred the matter back to this court with instructions to vacate the dismissal and reconsider the case in light of *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). This court sent a notice to defendant informing him of his opportunity to file a supplemental brief under *Delgadillo*, and defendant filed a supplemental brief. Having considered defendant's brief, we will affirm the trial court's order.

## PROCEDURAL BACKGROUND

Defendant was charged by information with attempted premeditated murder (§ 664, 187, subd. (a), count 1) and assault with a deadly weapon (§ 245, subd. (a)(1),

---

[1] All further statutory references will be to the Penal Code unless otherwise indicated.

[2] This provision was renumbered without substantive change to section 1172.6, effective June 30, 2022. (See *People v. Strong* (2022) 13 Cal.5th 698, 708, fn. 2.) For the sake of clarity and consistency with appellant's brief, we will refer to the provision as former 1170.95.

count 2).  As to both counts, the information alleged that defendant personally inflicted great bodily injury (GBI), within the meaning of sections 12022.7, subdivision (a), and 1192.7, subdivision (c)(8).  As to count 1, it also alleged that he personally used a deadly weapon, within the meaning of sections 12022, subdivision (b), and 1192.7, subdivision (c)(23).  The information further alleged that defendant had a prior serious felony conviction (§ 667, subd. (a)) and a prior strike (§§ 667, subds. (c) & (e)(1) & 1170.12, subd. (c)(1)).  On April 11, 2017, a jury found defendant guilty of count 2.  Defendant admitted the GBI enhancement, the prior serious felony conviction, and the prior strike.  He then entered a plea agreement and pled guilty to an added count of assault with a deadly weapon.  (§ 245, subd. (a)(1), count 3.)  On June 16, 2017, in accordance with the plea agreement, the court sentenced defendant to the agreed-upon term of 14 years in state prison.  The court dismissed the remaining count and allegations.

On April 27, 2022, defendant filed, in propria persona, a petition for resentencing under former section 1170.95, claiming he was convicted of "murder, attempted murder, or manslaughter."

On June 10, 2022, the trial court held a hearing.  The prosecutor informed the court that "defendant pled to a 245(a)(1) sword with .7[3] after the jury hung on the attempted murder charge.  The attempted murder charge was dismissed."  The prosecutor asserted defendant was therefore not entitled to relief.  The court appointed counsel for defendant, and appointed counsel submitted to what the prosecutor told the court.  The

---

[3] This appears to refer to defendant's admission of the allegation under section 12022.7.

court looked at the record and noted that defendant was only convicted of assault with a deadly weapon and that the attempted murder charge was dismissed. The court then dismissed the resentencing petition since defendant was ineligible for relief.

Defendant filed a timely notice of appeal of the denial of his petition.

<u>DISCUSSION</u>

Defendant was provided notice under *Delgadillo* and advised that counsel filed a brief stating no arguable issues could be found, and that because this is an appeal from a postconviction proceeding, this court is not required to conduct an independent review of the record but may do so in its discretion. (*Delgadillo, supra*, 14 Cal.5th at p. 232.) The notice advised him that he could file a supplemental brief within 30 days. Defendant filed a supplemental brief. Where, as here, a defendant has filed a supplemental brief, a court of appeal need only evaluate the specific arguments presented in the brief. (*Ibid.*) "The filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues." (*Ibid.*)

Unfortunately, defendant's one-page, handwritten brief is unintelligible, as it simply lists multiple phrases, with no explanation (e.g., "request at preliminary hearing evidence cause self defense and show of character; emotion, conflict[] of intrust [*sic*] as a formal conviction"). However, based on our own independent review of the record, which we undertake voluntarily in the interest of judicial economy, we determine that defendant is not entitled to relief under former section 1170.95. The record before us unequivocally establishes that defendant was convicted of offenses not within the purview of former section 1170.95.

4

## DISPOSITION

The trial court's order denying the petition for resentencing is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS
_____
J.

We concur:

CODRINGTON
_____
Acting P. J.

RAPHAEL
_____
J.

5